# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **RENE VOCKE**, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07cv00013 |
| | ) | |
| | ) | **OPINION** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | By:   Pamela Meade Sargent |
|     Defendant | ) | United States Magistrate Judge |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 15) ("the Motion"). Based on the reasoning set out below, the Motion will be granted.

Rene Vocke filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for a period of disability and disability insurance benefits, ("DIB"), and supplemental security income under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423, 1381 *et seq*. (West 2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered February 5, 2008, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item No. 14.) Counsel for Vocke filed a petition seeking approval of a fee of $ 4,150.00 for representing Vocke in this court. By order entered

-1-

July 14, 2009, the court ordered the Commissioner to respond to the Motion. (Docket Item No. 16.) Thereafter, the Commissioner responded, not objecting to the plaintiff's request for fees. (Docket Item No. 17.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2009). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Vocke's counsel has not provided the court with any such fee agreement. Counsel has provided the court with a copy of the Social Security Administration's April 26, 2009, Notice Of Award Letter, which states that Vocke is entitled to $31,088.000 in past-due DIB benefits.[1]

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or

---

[1] Vocke also was awarded past-due SSI benefits in the amount of $24,482.00 by Notice of Award Letter dated March 23, 2009.

whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Vocke's counsel has supplied evidence that shows that counsel spent a total of 23.25 hours in representing Vocke in this court. The time expended appears reasonable. Also, the Motion requests a total fee of $ 4,150.00, which, if paid for 23.25 hours of work, would result in a payment of approximately $ 178.49 per hour. I further find that there is no evidence that counsel in any way contributed to a delay in the award of benefits; nor do I find that the benefits awarded were great in comparison to the hours expended by counsel. Thus, taking into account all of the relevant factors, I find that a fee of $ 4,150.00 is reasonable.

For the foregoing reasons, the Motion will be granted and a judgment will be entered awarding the plaintiff's attorney a fee of $ 4,150.00.

DATED: August 5, 2009.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE